IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-MJ-01836-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VAN L. COE | ) | |
| | ) | |

This cause comes before the Court on Defendant's motion to dismiss the second count of the criminal information pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. (DE-9). Alternatively, Defendant requests the Court direct the government to file a bill of particulars pertaining to the second count of the criminal information. The government has responded in opposition (DE-11) and Defendant has replied. (DE-12). Accordingly, the matter is ripe for adjudication. For the reasons set forth herein, the motion to dismiss Count Two of the criminal information is GRANTED.

I. **BACKGROUND**

On November 16, 2011, Defendant was charged with misdemeanor crimes in a two-count criminal information. (DE-1). Count One charges Defendant with simple assault. Count Two charges Defendant with violating 18 U.S.C. § 13, the Assimilative Crimes Act ("ACA"), assimilating section 14-223 of the North Carolina General Statutes. Specifically, Count Two alleges that:

> [O]n or about 02 October 2011, on the Fort Bragg Military Reservation, an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, [Defendant] did willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, in violation of Title 18, United States Code, Section 13, assimilating North Carolina General Statute 14-223.

(DE-1, p.1).

1

On December 13, 2011, Defendant's counsel filed a notice of appearance and requested discovery in the case. (DE-5, DE-6). The government thereafter provided Defendant with full discovery.

## II. LEGAL BACKGROUND

To charge a defendant with misdemeanors, the government may proceed by way of "an indictment, information, or complaint." Fed. R. Crim. P. 58(b)(1). Both indictments and informations must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To provide the defendant with fair notice and to avoid double jeopardy, a charging document "must include every essential element of an offense," or else it is invalid. United States v. Darby, 37 F.3d 1059, 1063 (4th Cir. 1994). "Usually 'an indictment is sufficient if it alleges an offense in the words of the statute,' United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999), as long as the words used in the indictment 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Where a statute only defines an offense in general terms, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Id. (quoting Hamling, 418 U.S. at 117-18).

Here, Defendant is charged with violating the ACA, assimilating N.C. Gen. Stat. § 14-223. When a state law is assimilated under the ACA, the ACA transforms the state law into a federal law for purposes of prosecution, and any violation of the state law becomes a crime against the United States. United States v. Minger, 976 F.2d 185, 187 (4th Cir. 1992). "The ACA assimilates the entire substantive criminal law of the state, including laws relating to the

2

definition and scope of an offense and laws governing the manner in which an offense is to be punished." United States v. King, 824 F.2d 313, 315 (4th Cir. 1987). The federal courts therefore look to state law to determine the elements of the state crime assimilated. *Id.*; United States v. Price, 812 F.2d 174, 175 (4th Cir. 1987).

Section 14-223 of the North Carolina General Statutes states: "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." The courts of North Carolina have consistently held that the essential elements of this offense, required in the indictment, include the specific duty the named officer was attempting to discharge and the manner in which the defendant resisted. *See, e.g.*, State v. Eason, 242 N.C. 59, 62, 86 S.E.2d 774, 776 (1955); State v. Kirby, 15 N.C. App. 480, 488, 190 S.E.2d 320, 325 (1972). This is because

> [i]n the offense of resisting an officer, the *resisting* of the public officer in the *performance* of some duty is the primary conduct proscribed by that statute and the particular duty that the officer is performing while being resisted is of paramount importance and is very material to the preparation of the defendant's defense[.]

Kirby, 15 N.C. App. at 488, 190 S.E.2d at 325. Under North Carolina law, it is well-established that an indictment charging a violation of N.C. Gen. Stat. § 14-223 must include the names of the officers, the relevant actions of the defendant, and the duties alleged to have been resisted, delayed, or obstructed. *See* Eason, 242 N.C. at 62, 86 S.E.2d at 776; *see also* State v. Smith, 262 N.C. 472, 474, 820-21 (1964) ("A warrant or bill of indictment charging a violation of G.S. 14-223 must identify the officer by name and indicate the official duty he was discharging or attempting to discharge, and should point out, in a general way at least, the manner in which the defendant is charged with having resisted, delayed, or obstructed such officer."). An indictment

3

or other charging instrument that fails to include this information will be dismissed as fatally defective because it does not allege "all the facts necessary to meet the elements of the offense." State v. Ellis, 168 N.C. App. 651, 655, 608 S.E.2d 803, 806 (2005).

### III. ANALYSIS

In the instant case, Count Two of the criminal information charges Defendant with violating the ACA, assimilating N.C. Gen. Stat. § 14-223. Although Count Two properly tracks the language of N.C. Gen. Stat. § 14-223, the language of the statute, standing alone, does not inform the defendant what duties he is alleged to have resisted, delayed or obstructed, or what officials he victimized, all of which are essential elements of the offense under state law. Eason, 242 N.C. at 62, 86 S.E.2d at 776. Instead, Count Two only "describe[s] the offense generally" and is unaccompanied by any "'statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" Brandon, 298 F.3d at 310 (quoting Hamling, 418 U.S. at 117-18). As such, Count Two of the criminal information does not provide Defendant with the information required by North Carolina law. Ellis, 168 N.C. App. at 655-56, 608 S.E.2d 803 at 806.

While admitting that Count Two "is not lengthy or verbose," the government contends that it is nevertheless sufficient to inform Defendant as to the offense charged. The Fourth Circuit has repeatedly rejected such arguments. *See* United States v. Davis, 184 F.3d 366, 371 n.5 (4th Cir. 1999)(vacating the defendant's sentence under the ACA where the indictment failed to include all the essential elements of the South Carolina offense). The government further contends the discovery disclosed to Defendant in this case provides all of the information he needs to prepare for trial. But "[t]he prosecution cannot save a defective indictment by providing its meaning. The indictment must speak for itself." United States v. Jenkins, 675 F. Supp. 2d 647, 653 (W.D.

4

Va. 2009). Speaking for itself, Count Two does not specify the names of the officers involved, the duties they were attempting to discharge, or the manner in which Defendant allegedly resisted, delayed, or obstructed the officers. Because Count Two fails to include every essential element of the offense charged, the criminal information is invalid and must be dismissed. Darby, 37 F.3d at 1063.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss Count Two of the criminal information (DE-9) is GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 26th day of April, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE